UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARK A. BRATCHER,                                                                                      Petitioner,

v.                                                                       Civil Action No. 3:13-cv-219-DJH-HBB

GARY BECKSTROM,                                                                                   Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1) Petitioner Mark A. Bratcher is proceeding pro se. In accordance with 28 U.S.C. § 636(b)(1)(B), the Court referred the matter to United States Magistrate Judge H. Brent Brennenstuhl for initial review and recommended disposition. Judge Brennenstuhl issued his Findings of Fact, Conclusions of Law and Recommendation (D.N. 25) recommending that Bratcher's petition be denied on all grounds asserted. For the reasons discussed below, the Court agrees with this recommendation and will therefore deny the petition.

**I.      BACKGROUND**

Bratcher was convicted of murder in a joint trial with his brother and codefendant, Phillip. *Bratcher v. Commonwealth*, 151 S.W.3d 332, 340 (Ky. 2004). He was sentenced to life in prison without possibility of parole. *Id.* The Kentucky Supreme Court upheld his conviction on direct appeal, *id.* at 357, and his motions for post-trial relief were rejected by the Jefferson Circuit Court and the Kentucky Court of Appeals. *See Bratcher v. Commonwealth*, 406 S.W.3d 865 (Ky. Ct. App. 2012).

In his habeas petition, Bratcher asserts seven grounds for relief. (D.N. 1, PageID # 5-17) The magistrate judge recommended that Bratcher's petition be denied with respect to all seven

1

grounds. (D.N. 25) Bratcher timely objected to the magistrate judge's recommendation, conceding Grounds One, Two, Three, and Five of his petition. (D.N. 26, PageID # 499) This Memorandum Opinion and Order will therefore address only Grounds Four, Six, and Seven. *See Thomas v. Arn*, 474 U.S. 140, 150-52 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

## II.  ANALYSIS

> Under the Antiterrorism and Effective Death Penalty Act of 1996,
>
> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" clause applies "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). An "unreasonable application" occurs where "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A habeas petitioner bears the burden of showing that the state court "applied [a Supreme Court case] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). The Court reviews de novo the portions of the magistrate judge's report to which objection is made. 28 U.S.C. § 636(b)(1).

2

### A. Ground Four

In Ground Four of his petition, Bratcher argues that there was insufficient evidence to support his conviction. (D.N. 1, PageID # 9) Specifically, he asserts that "[t]he only physical evidence in the case, DNA evidence found under the victim's fingernails, connected the co-defendant to the murder" and that "[t]he only implication of [Bratcher's] involvement was the co-defendant's fabricated testimony." (*Id.*) In his objection, however, Bratcher presents a new argument—that his co-defendant was not competent to testify under Kentucky Rule of Evidence 601(b). (*See* D.N. 26, PageID # 499-500) Because this argument was raised for the first time in an objection, it is waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

The argument fails on the merits in any event. "Errors in application of state law, especially with regard to the admissibility of the evidence, are usually not cognizable in federal habeas corpus." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (quoting *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Coleman v. Mitchell,* 244 F.3d 533, 542 (6th Cir. 2001). Rather, for purposes of habeas review, the Court only considers whether Bratcher's conviction violated federal law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

A state court's evidentiary ruling warrants habeas relief only if the ruling was "so fundamentally unfair as to violate the petitioner's due process rights." *Coleman*, 244 F.3d at 542. Here, Bratcher has not shown that admitting his co-defendant's testimony was fundamentally unfair. Bratcher had the opportunity to cross-examine his co-defendant in order to expose the alleged lack of capacity and to present his own witnesses and evidence to corroborate his testimony. Because his claim regarding his co-defendant's capacity to testify alleges a state law error and he has not shown that the alleged error violated his due process rights, Bratcher is not entitled to habeas relief on this ground. *See id.*

B.  **Ground Six**

Like Ground Four, Ground Six challenges the state court's admission of evidence. Specifically, Bratcher contends in Ground Six of his petition that his cell phone bill should have been admitted.[1] (D.N. 1, PageID # 12-13) His objection to the magistrate judge's findings essentially reasserts his initial argument and asks that the issue "be re-evaluated with this objection in mind." (D.N. 26, PageID # 500)

The Court need not consider an objection that merely restates the arguments set forth in a habeas petition. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) (observing that "[a]n objection that does nothing more than state a disagreement with a [magistrate judge's] suggested resolution, or simply summarizes what has been presented before, is not an objection" within the meaning of 28 U.S.C. § 636(b)(1)). And again, the state court's evidentiary rulings are not properly before this Court. *See Bugh*, 329 F.3d at 512. Bratcher has not shown that his inability to present the cell phone bill at trial resulted in a violation of his due process rights. *See Coleman*, 244 F.3d at 542. Therefore, his objection will be overruled as to Ground Six as well.

C.  **Ground Seven**

Bratcher's objection regarding Ground Seven challenges the magistrate judge's determination that he waived six of his nine claims of ineffective assistance of counsel by failing to raise them in his collateral attack appeal and that he did not demonstrate cause and prejudice excusing this failure. (D.N. 26, PageID # 500-01; *see* D.N. 25, PageID # 486-87) Bratcher

---

[1] Ground Six of the petition also asserts that Bratcher "was not allowed to confront the lead detective" whose testimony "basically secured the indictment" and mentions "information concerning the co-defendant detailing and depicting his prior erratic behavior and well established history of using the petitioner to get him out of or rescue him from desperate situations." (D.N. 1, PageID # 13) The Court need not address these issues, as no objection was raised as to either of them. *See Thomas*, 474 U.S. at 150-52.

4

asserts that he raised all nine ineffective-assistance claims in his collateral attack. (D.N. 26, PageID # 500-01) However, a review of Bratcher's brief to the Kentucky Court of Appeals reveals no mention of the first, fifth, sixth, seventh, eighth, and ninth claims asserted in his petition. (*See* D.N. 13-5, PageID # 1-29) Bratcher claims that it was his belief that the appellate court would review the entire record. (*Id.*, PageID # 501) He further notes that his habeas petition and Rule 11.42 motion were filed pro se and that pro se pleadings are held to a lower standard. (*Id.*)

It is true that pro se pleadings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Bratcher was represented by counsel on appeal of his collateral attack. (*See* D.N. 13-5) If, as he contends, he raised all of the ineffective-assistance claims in his Rule 11.42 motion, then his pro se status does not explain their absence from his brief on appeal.

Moreover, a procedural default is not excused unless the petitioner "can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bonilla v. Hurley*, 370 F.3d 494, 497-98 (6th Cir. 2004) (per curiam) (omission in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). To establish cause, the petitioner must point to an external obstacle that prevented him from presenting the claim in state court. *Id.* Pro se status and ignorance of the law and procedural requirements are not external factors and thus do not constitute cause for a procedural default. *See id.* Nor has Bratcher shown that failure to consider his newly raised ineffective-assistance claims would result in a fundamental miscarriage of justice. *See id.* at 497. In sum, the Court agrees with the magistrate judge that Bratcher's first, fifth, sixth, seventh, eighth, and ninth claims of ineffective assistance are procedurally barred.

5

### III. CONCLUSION

Bratcher has not shown that the state-court decisions were contrary to or involved an unreasonable application of clearly established federal law, or that they were based on an unreasonable determination of the facts in light of the evidence presented. Furthermore, the Court agrees with the magistrate judge's conclusion that a certificate of appealability should be denied as to each of Bratcher's claims. Accordingly, it is hereby

**ORDERED** as follows:

(1) The Findings of Fact, Conclusions of Law and Recommendation of Magistrate Judge H. Brent Brennenstuhl (D.N. 25) are **ADOPTED** in full and **INCORPORATED** herein by reference.

(2) Bratcher's objections to the Findings of Fact, Conclusions of Law and Recommendation (D.N. 26) are **OVERRULED**.

(3) A separate Judgment shall issue this date.